# United States District Court
## Western District of Kentucky
### LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**
    **V.**
**ROBERT   REAL III**

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:   **3:12CR-87-H**
US Marshal No: **14153-033**
Counsel For Defendant: **Richard Cooper, CJA Appt.**
Counsel For The United States: **Jo E. Lawless, Asst. U.S. Atty.**
Court Reporter: **Alan W. Wernecke**

**THE DEFENDANT:**

[X] pursuant to plea agreement

[X] **pleaded guilty to count(s) 1-2 of the Indictment on November 1, 2012 , knowingly, willingly and voluntarily.**

[ ] Pleaded nolo contendere to count(s)
which was accepted by the court.

[ ] Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY,** the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|

**FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2**

The defendant is sentenced as provided in pages 2 through __7__ Of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)

[ ] Count(s)                     (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

__February 6, 2013__
Date of Imposition of Judgment

DEFENDANT: **REAL III, ROBERT**
CASE NUMBER: **3:12CR-87-H**

# COUNTS OF CONVICTION

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 18 USC 2422(b) | Knowling Persuade, Induce, or Entice a Person Under 18 Yrs Old to Engage in Sexual Activity Using a Mean of Interstate Commerce | 6/8/2012 | 1 |
| 18 USC 2423(a) | Transportation of a Minor w/Intent to Engage in Criminal Sexual Activity | 6/8/2012 | 2 |

DEFENDANT: **REAL III, ROBERT**
CASE NUMBER: **3:12CR-87-H**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED & TWENTY (120) MONTHS as to Counts 1-2 of the Indictment, said terms shall be served CONCURRENTLY, for a TOTAL TERM OF (120) MONTHS.**

☐ The Court makes the following recommendations to the Bureau of Prisons:

☒ **The defendant is remanded to the custody of the United States Marshal.**

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ A.m. / p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:.

  ☐ Before 2:00 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ As notified by the Probation or Pretrial Services Office.

  ☐ The defendant shall continue under the terms and conditions of his/her present bond pending surrender to the institution.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ To _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy U.S. Marshal

DEFENDANT: **REAL III, ROBERT**
CASE NUMBER: **3:12CR-87-H**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE as to each of Counts 1 and 2 of the Indictment, said terms shall be served CONCURRENTLY, for a TOTAL TERM OF LIFE.**

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

☒ **The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

☒ **The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he      Or she resides, works, is a student, or was convicted of a qualifying offence.**

☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of Each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other Acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any      Controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a Felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any Contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the Permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal Record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

DEFENDANT: **REAL III, ROBERT**
CASE NUMBER: **3:12CR-87-H**

# ADDITIONAL SUPERVISED RELEASE TERMS

(14) The defendant shall submit to the USPO conducting an initial computer inspection/search of the defendant's computer system(s), which are subject to examination and monitoring, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. An officer may conduct a subsequent search pursuant to this condition only when reasonable suspicion exists that the defendant is in violation of the court's no computer condition, or is in possession of child pornography, as defined in 18 U.S.C. 2256(8). Any search must be conducted at a reasonable time and in a reasonable manner.

(15) The defendant will consent to having installed on computer(s) which are subject to examination and monitoring at the defendant's expense, any hardware/software to monitor the defendant's computer use or prevent access to particular materials. The defendant hereby consents to periodic inspection of any such installed hardware/software to insure it is functioning properly.

(16) The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers (as defined in 18 USC 1030(e)(1), other electronic communications or data storage devices or media], or office, to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant is in violation of the court's no computer condition, or is in possession of child pornography, as defined in 18 U.S.C. 2256(8). Any search must be conducted at a reasonable time and in a reasonable manner.

(17) The defendant shall participate in and abide by the rules of the Computer Restriction & Monitoring Program.

(18) The defendant is prohibited from accessing the Internet via cellular phone, and is prohibited from possessing any cellular phone that has WI-FI connection capabilities. In addition, the defendant is prohibited from utilizing features that allow the exchange of instant messages, data, photographs, and e-mails. The defendant shall only possess one cellular phone, unless otherwise approved by the supervision USPO. Additionally, the defendant is prohibited from making changes in cellular phone or service, without preapproval of the supervision USPO.

(19) The defendant shall not rent or use a post office box or storage facility without authorization from the USPO.

(20) The defendant shall provide the USPO with accurate information about the defendant's entire computer system (hardware/software), all passwords used by the defendant, and the defendant's Internet Service Provider(s).

(21) The defendant shall cease any use or activity on any computer subject to examination and monitoring until the computer can be processed by the Special Offender Specialist or designee to comply with the monitoring ordered by the Court.

(22) The defendant shall provide the USPO with all requested financial documents to monitor the defendant's compliance with the computer and Internet restrictions.

(23) Unless required for employment, the defendant is prohibited from using any computer other than the one monitored by the U.S. Probation Office.

(24) The defendant shall not possess or use a Linux or Macintosh computer while participating in the computer monitoring program.

DEFENDANT: **REAL III, ROBERT**
CASE NUMBER: **3:12CR-87-H**

(25) The defendant shall be subject to Polygraph, Computer Voice Stress Analysis, or other similar device to obtain information necessary for supervision, case monitoring, and treatment at the discretion and direction of the U.S. Probation Officer. The defendant shall be subjected to maintenance exams thereafter. No violation proceedings will arise solely on a defendant's failure to pass an examination. No violation proceeding will arise on a defendant's refusal on valid Fifth Amendment grounds to answer questions. The defendant shall contribute to the cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

(26) The defendant shall not view, purchase, possess or distribute any form of pornography depicting sexually explicit conduct defined in 18 USC 2256(2), or frequent any place where such material is the primary product for sale or entertainment is available.

(27) The defendant shall participate in a sex offender counseling program approved by the U.S. Probation Office, and shall abide by the policies of the program. The defendant shall contribute to the cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

(28) The defendant shall comply with any sex offender registration laws of any state in which he/she resides, is employed, carries on a vocation, or is a student.

(29) The defendant shall have no contact with the victim, including correspondence, telephone contact to include text messaging, or communication through third party, except under circumstances approved in advance and in writing by the probation officer in consultation with the treatment provider.

(30) The defendant shall not be employed in any capacity that may cause the defendant to come in direct contact with children under the age of 18, except under circumstances approved in advance by the supervising probation officer. The defendant shall not participate in any volunteer activity that may cause the defendant to come into direct contact with children under the age of 18, except under circumstances approved in advance by the defendant's probation officer.

(31) The defendant shall have no direct contact with any children under the age of 18 unless accompanied by and supervised by an adult who has been approved in advance by the sex offender treatment counselor and the supervising probation officer. The defendant shall immediately report any unauthorized contact with children to the sex offender treatment counselor and to the probation officer.

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____  _____
 Defendant   Date

_____  _____
 U.S. Probation Officer/Designated Witness  Date

DEFENDANT: **REAL III, ROBERT**
CASE NUMBER: **3:12CR-87-H**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $ 200.00 | $ 0 | $ 0 |

[X] **The fine and the costs of incarceration and supervision are waived due to the defendant's inability to pay.**

[ ] The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

[X] **Restitution is not an issue in this case.**

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
|  |  |  |  |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. . . . . $

[ ] The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be subject to Penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ] The interest requirement is waived for the   [ ] Fine and/or   [ ] Restitution

[ ] The interest requirement for the   [ ] Fine and/or   [ ] Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

USDC KYWD (v10.3) 245B (Rev. 6/03) Sheet 6 - Schedule of Payments

Judgment-Page 8 of 8

DEFENDANT: **REAL III, ROBERT**
CASE NUMBER: **3:12CR-87-H**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $     Due immediately, balance due

    ☐ not later than    , or
    ☐ in accordance with C, D, or E below); or

B ☐ Payment to begin immediately (may be combined with C, D, or E below); or

C ☐ Payment in     *(E.g. equal, weekly, monthly, quarterly)* installments of $
    Over a period of     *(E.g. months or years)* year(s) to commence     *(E.g., 30 or 60 days)* after the date of This judgment, or

D ☐ Payment in     *(E.g. equal, weekly, monthly, quarterly)* installments of $
    Over a period of     *(E.g. months or years)* year(s) to commence     *(E.g., 30 or 60 days)* after Release from imprisonment to a term of supervision; or

E ☒ **Special instructions regarding the payment of criminal monetary penalties:**

**Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.**

**Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.**

**Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.